UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS P. HARMON, Jr., <br><br> Plaintiff, <br><br> v. <br><br> J. VILLASENOR, <br><br> Defendant. | No. 2:18-cv-2695 DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the court finds plaintiff fails to state a cognizable claim under § 1983 and recommends dismissal of this action without leave to amend.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

Plaintiff is currently incarcerated at Deuel Vocational Institution. He complains of conduct that occurred when he was confined at High Desert State Prison ("HDSP") in 2017. (ECF No. 1.) Plaintiff alleges defendant Villasenor, a correctional officer at HDSP, revealed to other inmates that he is a sex offender. Plaintiff alleges that this revelation caused him fear for his safety and severe emotional distress. Plaintiff seeks damages and injunctive and declaratory relief.

The Constitution protects at least two different kinds of privacy interests: "[o]ne is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." Whalen v. Roe, 429 U.S. 589, 598-600 (U.S. 1977). To violate a person's constitutional right of privacy based on disclosure, "the information disclosed must be either a shocking degradation or an egregious humiliation of [his] to further some specific state interest, or a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information." Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996) (quotations and citations omitted). "To determine whether a particular disclosure satisfies this exacting standard, [the court] must examine the nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." Id.

Because plaintiff's conviction is a matter of public record,[1] he has no legitimate expectation of privacy in that information. See Cox Broad. Corp. v. Cohn, 420 U.S. 469, 494-95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."); Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir.1995) ("Criminal activity is ... not protected by the right to privacy."); Holman v. Central Ark. Broad. Co., 610 F.2d 542, 544

---

[1] The court was easily able to find information about plaintiff's conviction on Westlaw and on the California appellate courts' website. That information would also be available in records at the Sacramento County Courthouse, where plaintiff was convicted.

3

(8th Cir.1979) ("[N]o right to privacy is invaded when state officials allow or facilitate publication of an official act such as an arrest .") Accordingly, he fails to state a claim for a constitutional violation of his right to privacy. See Eagle, 88 F.3d at 625-26 (police disclosure of felony conviction, that had been expunged, did not state a claim for invasion of privacy); Baker v. Howard, 419 F.2d 376, 377 (9th Cir. 1969) (police officers' revelation to radio station that plaintiff committed a crime "not so flagrant that it calls for the invocation of the Constitution"); Brahmana v. Henard, No. C 10-01790 JW, 2010 WL 11488727, at *4 (N.D. Cal. Nov. 12, 2010) (revelation of criminal investigation to plaintiff's employer not a violation of privacy); Haskell v. Moses, No: 5:08CV00307 JMM, 2008 WL 5146702 (E.D. Ark. Dec. 8, 2008) (prison's revelation of nature of plaintiff's conviction to other inmates does not state a violation of plaintiff's privacy).

Further, plaintiff alleges only that he suffered mental anguish because he feared a possible altercation with other inmates. Plaintiff may not seek damages for emotional distress on his federal claims. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis ). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages arising from a constitutional violation which are not based on alleged mental or emotional injuries. Oliver, 289 F.3d at 630.

Plaintiff's request for injunctive relief is also inappropriate. Plaintiff is no longer incarcerated at HDSP. Therefore, any injunctive relief against defendant would not impact him and should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975)). In any event, even if plaintiff's claims for

relief were appropriate, he fails to state a cognizable claim under § 1983 for a violation of his right to privacy under the Fourteenth Amendment.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations against defendant cannot establish a plausible claim as a matter of law and amendment would be futile. Regardless of the relief sought, plaintiff has not, and cannot, state a claim for relief based on defendant's revelation of the nature of his crime. Accordingly, the undersigned finds that plaintiff has failed to allege a violation of his constitutional rights, and his complaint should be dismissed.

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

////

////

objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: January 13, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/harm2695.scrn.fr